```
UNITED STATES DISTRICT COURT          USDC SDNY
SOUTHERN DISTRICT OF NEW YORK         DOCUMENT
------------------------------x       ELECTRONICALLY FILED
                              :       DOC #:
MICHAEL KORS, L.L.C.,         :       DATE FILED: 09/21/2017
                              :
              Plaintiff,      :
                              :
       - against -            :       15-CV-05788 (TPG) (SN)
                              :
                              :              OPINION
CANAL VENTURE, INC. and YUS GIFT :
SHOP, INC.,                   :
                              :
              Defendants.     :
                              :
------------------------------x
```

Plaintiff Michael Kors, L.L.C., moves for default judgment against defendant Yus Gift Shop based on the complaint filed on July 23, 2015. For the reasons stated below, the court grants plaintiff's motion for default judgment and awards plaintiff $1,000,000 in statutory damages.

## BACKGROUND

Plaintiff Michael Kors, L.L.C. filed a complaint on July 23, 2015 alleging that defendants Canal Venture, Inc. and John or Jane Doe violated federal and state trademark laws. ECF No. 42, Ex. A, at 1-2. In its complaint, plaintiff alleges that defendants manufactured and sold counterfeit merchandise at a business located on 336B Canal Street, New York, NY. ECF No. 42, Ex. A, at 3-4. After plaintiff filed the complaint, plaintiff and first defendant Canal Venture, Inc. entered into a settlement agreement, and on February 13, 2017 filed a stipulation of voluntary dismissal with the court. ECF No. 30. This opinion deals with the second defendant, Yus Gift Shop.

1

Defendant Yus Gift Shop—originally named as John or Jane Doe—filed an answer to plaintiff's complaint on September 18, 2015 denying all of plaintiff's allegations. ECF No. 16. On April 11, 2017, plaintiff filed a request seeking to have defense counsel withdraw from the case. ECF No. 31. On April 26, 2017, the parties held a conference before Magistrate Judge Sarah Netburn, to whom the court had referred the case, regarding this issue. ECF No. 34, at 2. During the conference, defense counsel submitted an oral motion to withdraw as attorney of Yus Gift Shop because he had not been able to reach his client for several months. ECF No. 34, at 2. The telephone number was out of service and the business was closed. ECF No. 34, at 2. Judge Netburn granted the motion to withdraw. ECF No. 34, at 2.

Shortly thereafter, on June 19, 2017, plaintiff requested entry of default against Yus Gift Shop, ECF No. 39, and the Clerk of Court entered default against defendant on June 30, 2017. ECF No. 41. Plaintiff now seeks default judgment as to Yus Gift Shop, seeking $4,000,000 plus attorneys' fees and costs. ECF No. 43, at 3; ECF No. 44, at 4. Plaintiff bases this request for damages on defendant's use of counterfeit marks on four types of goods: medallions, handbags, watches, and wallets. ECF No. 43, at 3.

**DISCUSSION**

**I. Entry of Default Judgment**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Fed. R. Civ. P. 55. It establishes a two-part process for obtaining default judgment—first, obtaining a default, and second, seeking a default

2

judgment. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).

Rule 55(a) allows the clerk of the court to enter default against a party who has "failed to plead or otherwise defend" an action. The party applying for a certificate of default pursuant to Rule 55(a) must submit an affidavit showing "(1) that the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) that the party has failed to plead or otherwise defend the action; and (3) that the pleading to which no response has been made was properly served." S.D.N.Y. & E.D.N.Y. L. R. Civ. P. 55.1. In the present case, the Clerk of Court entered default against defendant Yus Gift Shop on June 30, 2017 based on defendant's failure to plead or defend the action. ECF No. 39, at 1-2.

Entry of default is not, however, an admission of damages, which must be established in a separate proceeding. *See Mickalis*, 645 F.3d at 128. Once a party obtains a default, the plaintiff can seek default judgment under Rule 55(b)(1) or (b)(2). Rule 55(b)(1) allows the clerk of court to enter a default judgment in specific instances, i.e., where "the plaintiff's claim is for a sum certain" and the defendant has not appeared, is not a minor, and is not incompetent. In all other cases, the party must file for default judgment with the court under Rule 55(b)(2). When determining whether to grant a motion for default judgment, the court considers several factors including whether the default was willful, whether the plaintiffs would be prejudiced by denial of the motion, and whether there are any meritorious defenses to plaintiff's claims. *See Pecarsky v. Galaxiworld.com Ltd.*,

3

249 F.3d 167, 170-71 (2d Cir. 2001). Entry of default judgment "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled." *Mickalis*, 645 F.3d at 128. Default judgments are generally disfavored, however, and thus the court resolves doubts in favor of the defaulting party. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

The court, considering the above factors, now enters default judgment against defendant. Defense counsel submitted a motion to withdraw because he had not been in communication with defendant for "many months," and neither the address nor the phone number for defendant are currently active. *See* ECF No. 34, at 2. Further, Yus Gift Shop has not provided any meritorious defenses—its answer merely denied all of plaintiff's allegations. ECF No. 16. Thus, the court finds it appropriate to enter default judgment against defendant.

## II. Damages

Plaintiff seeks statutory damages under the Lanham Act, 15 U.S.C. § 1117(c) (2012), which allows plaintiff to elect statutory damages rather than actual damages for cases involving use of counterfeit marks. The Act provides that in cases where a party uses a counterfeit mark in connection with the "sale, offering for sale, or distribution of goods or services," the plaintiff can receive statutory damages of between $1,000 and $200,000 per counterfeit mark per type of good. *Id.* § 1117(c)(1). Further, if the court finds that the defendant's use of the counterfeit mark was willful, the court may award up to $2,000,000 per counterfeit mark per type of good. *Id.* § 1117(c)(2).

4

A court may consider a defendant in default a "willful infringer." *Gucci Am., Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117, 122 (S.D.N.Y. 2008) (quoting *Malletier v. WhenU.com, Inc.*, No. 05 Civ. 1325 (LAK), 2007 WL 257717, at *4 (S.D.N.Y. Jan. 26, 2007)); *see also GMA Accessories, Inc. v. Solnicki*, No. 07 Civ. 3219 (PKC), 2011 WL 4790615, at *2 (S.D.N.Y. May 23, 2011). If a party is in default, the court must also take all allegations in the complaint, other than those related to damages, as true. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). If the court determines that, in light of default and taking all allegations as true, a defendant has willfully infringed a trademark, the court may grant up to $2,000,000 in damages.

The court has broad discretion in determining the amount of damages within the statutory range. *GMA Accessories*, 2011 WL 4790615, at *1. The text of the Lanham Act itself "does not provide precise guidance as to calculating statutory damages." *Id.* It merely states that the court must award damages that are "just." 15 U.S.C. § 1117(c)(2) (2012). Thus, courts often refer to the Copyright Act, 17 U.S.C. § 504(c) (2012), and case law based on that Act, for guidance. *See All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 622 (S.D.N.Y. 2011); *Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999).

Similar to the Lanham Act, the Copyright Act provides for statutory damages against willful infringers, and cases interpreting the Copyright Act have found that where a defendant has acted willfully, the statutory damages should incorporate both compensatory and punitive components. *See All-Star*, 775 F.

5

Supp. 2d at 622; *Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009). Further, in determining the amount of damages, courts have looked to factors such as expenses, revenues, the value of the trademark, the deterrent effect, willfulness, cooperation by the defendant, and whether damages would discourage the defendant. *Chanel, Inc. v. Gardner*, No. 07 Civ. 6679 (GBD) (MHD), 2011 WL 204911, at *2 (S.D.N.Y. Jan. 21, 2011); *Kenneth Jay Lane, Inc. v. Heavenly Apparel, Inc.*, No. 03 CV 2132 GB D KNF, 2006 WL 728407, at *6 (S.D.N.Y. Mar. 21, 2006).

In light of defendant's default, and taking into account all of plaintiff's allegations in the complaint, the court finds that defendant Yus Gift Shop is a willful infringer. Thus, plaintiff is entitled to statutory damages of between $1,000 and $2,000,000 pursuant to the Lanham Act. 15 U.S.C. § 1117(c) (2012). The court assesses damages based on the allegations in plaintiff's Complaint, ECF No. 1, and Motion for Default Judgment, ECF No. 42.

Plaintiff has requested statutory damages of at least $1,000,000 per counterfeit mark—a total of $4,000,000 in statutory damages. ECF No. 44, at 5-6. The court finds that plaintiff's request for $1,000,000 per mark is excessive. While plaintiff has provided trademark registration information, ECF No. 43, Ex. A, at 5-6, plaintiff has not provided information as to defendant's profits or plaintiff's losses. Where there is no such concrete information, most judges issue damages "far below" the statutory maximum of $2,000,000 per mark. *All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 624 (S.D.N.Y. 2011). Exercising its broad discretion, this court concludes that plaintiff should be

awarded $250,000 in statutory damages per mark, totaling $1,000,000 in damages for the four marks. The court finds that this award is sufficient to both deter defendant and compensate plaintiff.

### III. Attorneys' Fees

In exceptional circumstances, the court may also award reasonable attorneys' fees and costs of litigation under the Lanham Act. 15 U.S.C. § 1117(a). Willful infringement is considered one such exceptional circumstance. *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003); *Chanel, Inc. v. Gardner*, No. 07 Civ. 6679 (GBD) (MHD), 2011 WL 204911, at *2 (S.D.N.Y. Jan. 21, 2011). Here, because defendant's infringement was willful, the court concludes that plaintiff should be awarded reasonable attorneys' fees and costs. Because the plaintiff has not specified a specific dollar amount, however, this court finds that in order to proceed the plaintiff must, within sixty (60) days of this opinion, submit a request for specific attorneys' fees and costs. Plaintiff must include with this application supporting records and documentation.

### CONCLUSION

For the reasons given above, plaintiff's motion for default judgment is granted, and plaintiff is awarded $1,000,000 in statutory damages. Plaintiff is ordered to submit an application for specific attorneys' fees and costs within sixty (60) days of issuance of this opinion. This opinion resolves Docket Number 42 in this case.

SO ORDERED

Dated: New York, New York
       September 21, 2017

_____
Thomas P. Griesa
U.S. District Judge